UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

METSO MINERAL INDUSTRIES, INC.,

    Plaintiff,

v.                                                            Case No. _____

FLSMIDTH-EXCEL LLC,

    Defendant.

## COMPLAINT

Plaintiff, Metso Minerals Industries, Inc. ("Metso"), by its attorneys, Quarles & Brady, LLP, alleges its complaint against Defendant, FLSmidth-Excel ("Excel"), as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement, trademark infringement and unfair competition.

2. The patent claims, brought pursuant to Title 35 of the United States Code, involve two Patents: Patent No. 5,451,110 ('110 Patent) and Patent No. 4,750,681 ('681 Patent). The '110 Patent issued on September 19, 1995 and remains valid. The '681 Patent issued on June 14, 1988 and expired on February 24, 2006. This action is to recover all damages resulting from the infringement of the '110 Patent as well as damages related to the infringement of the '681 Patent that accrued within six years before filing of this complaint and February 24, 2006, as allowed pursuant to 35 U.S.C. §286.

3. The trademark infringement and unfair competition claims are brought pursuant to the Lanham Act, common law trademark rights, and Wis. Stat. § 100.18. These claims arise out of Excel's unauthorized and misleading use of Metso's trademarks in Excel's marketing materials.

## THE PARTIES

4. Metso is a corporation organized under the laws of Delaware, with a place of business at 20965 Crossroads Circle, Waukesha, WI 53186. Metso is engaged in, among other things, the development, manufacture and sale of mining and industrial mineral equipment, including high performance crushers used in the aggregate and mining market.

5. Excel is an Illinois Corporation with a place of business at 543 A.J. Allen Circle, Suite B, Wales, Wisconsin 53183. Excel is a direct competitor of Metso.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to the United States Patent Laws, Title 35 of the United States Code and the Lanham Act.

7. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Excel under 28 U.S.C. § 1400 and Wis. Stat. § 801.05.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE '110 PATENT

10. On September 19, 1995, United States Patent No. 5,451,110 entitled "Bearing Wear Indicator" was duly and legally issued. A copy of the '110 Patent is attached hereto as Exhibit A. The '110 Patent discloses a design for a bearing that releases an indicator when it needs to be replaced. The release of an indicator is useful for identifying worn parts prior to the point of machine failure.

11. Metso is the owner by assignment of the entire right, title, and interest in the '110 Patent.

12. Metso has manufactured and sold in the U.S. and around the world bearings that incorporate the wear indicator design claimed in the '110 patent.

13. Excel has made, used, offered for sale and sold in the U.S. products that infringe one or more claims of the '110 Patent, including a bearing with wear indicator using the same part number as the patented Metso bearing with wear indicator, No. 17-303-538-501.

## THE '681 PATENT

14. On June 14, 1998, United States Patent No. 4,750,681 entitled "Apparatus for High Performance Conical Crushing" was duly and legally issued. A copy of the '681 Patent is attached hereto as Exhibit B. The '681 Patent discloses a design for increasing the production of high powered, high speed conical crushers, including a design for the head assembly for the crushers. (The head assembly is the portion of the crusher that includes a conical crushing head, which performs the crushing action.)

15. Metso is the owner by assignment of the entire right, title, and interest in the '681 Patent.

16. Metso has manufactured and sold in the U.S. and around the world high performance conical stone crushers that incorporate the design claimed in the '681 patent. It also sells head assemblies that incorporate key inventive elements of the patented design.

17. Excel, has made, used, offered for sale and sold in the U.S. products that infringe one or more claims of the '681 Patent, including a head assembly that uses the same part number as the patented Metso head assembly, No. 90058015.

## METSO'S TRADEMARKS

18. Metso is the owner of U.S. Trademark Registration Nos. 0564234 and 1705758, issued September 23, 1952 and August 4, 1992, for SYMONS for crushing machinery for use in crushing coal or stone, cement and gravel, and particularly adaptable for use in mining, cement manufacture and rock and gravel work and for grinding mills for grinding crushed rock, rock and mineral crushing machines, grinding mills for grinding crushed rock and for parts for the above-identified equipment.

19. Registration Nos. 0564234 and 1705758 are valid, subsisting, and have both acquired incontestable status under 15 U.S.C. § 1065.

20. Metso is the owner of U.S. Trademark Registration Nos. 0971139 and 2879502, issued December 16, 1970 and August 31, 2004, for NORDBERG for mining equipment, namely, power operated ore crushing dies stamps, crushing rolls, rock, ore and gravel crushers, namely jaw crushers, gyratory crushers, conical crushers, and impact crushers, gyratory fine grinders, and component parts for the foregoing machines.

21. Registration Nos. 0971139 and 2879502 are valid, subsisting, and Registration No. 0971139 has acquired incontestable status under 15 U.S.C. § 1065.

22. Metso is the owner of U.S. Trademark Registration No. 1914518, issued August 29, 1995, for SVEDALA for components for pyro processing kilns.

23. Registration No. 1914518 is valid and subsisting and has acquired incontestable status under 15 U.S.C. § 1065.

24. Metso has invested substantial time, effort and money in developing Metso's name and the good will associated with the trademarks it owns. It has used its trademarks consistently in its marketing, corporate documents, and other contacts with the relevant consuming public. As a result, the marks and Metso's trade name are of enormous value to Metso.

25. Mesto's trade name and its registered trademarks are entitled to immediate and strong protection from unfair competition, infringement and injury.

## Count I
## CLAIM FOR DIRECT INFRINGEMENT OF THE '110 PATENT

26. Metso realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 25.

27. Excel has directly infringed one or more claims of the '110 Patent by making, using, selling, offering for sale in the United States, or importing into the United States a wear indicator bearing and/or a bearing assembly comprising a wear indicator bearing that infringes one or more of the claims of the '110 Patent.

28. Excel's direct infringement has been intentional, willful, and in reckless disregard of Metso's rights.

29. Excel has caused Metso substantial injury, including lost profits from the lost sales, for which Metso is entitled to damages adequate to compensate it for the infringement.

30. Excel's directed infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## Count II
## CLAIM FOR CONTRIBUTORY INFRINGEMENT OF THE '110 PATENT

31. Metso realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 30.

32. Excel has made, sold, imported or offered for sale in the United States component parts for use in bearing assemblies.

33. Excel's bearing assembly parts were especially made, or especially adapted, for use in an bearing assembly that is within one or more claims of the '110 Patent.

34. Excel knew that combining its bearing assembly parts with the other components for which these parts were specially designed would result in a combination of elements that infringes the '110 Patent.

35. Excel's actions constitute contributory infringement under 35 U.S.C. § 271(c).

36. Excel's contributory infringement has been intentional, willful, and with a reckless disregard for the rights of Metso.

37. Excel has caused Metso substantial injury, including lost profits, for which Metso is entitled to damages adequate to compensate it for Excel's contributory infringement.

38. Excel's contributory infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an awarding of attorneys' fees pursuant to 35 U.S.C. § 285.

**Count III**
**CLAIM FOR DIRECT INFRINGEMENT OF THE '681 PATENT**

39. Metso realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 38.

40. Excel has directly infringed one or more claims of the '681 Patent by making, using, selling, offering for sale in the United States, or importing into the United States an apparatus for high performance conical crushing that infringes one or more of the claims of the '681 Patent.

41. Excel's direct infringement has been intentional, willful, and in reckless disregard for the rights of Metso.

42. Excel has caused Metso substantial injury, including lost profits from the lost sales, for which Metso is entitled to damages adequate to compensate it for the infringement.

43. Excel's directed infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**Count IV**
**CLAIM FOR CONTRIBUTORY INFRINGEMENT OF THE '681 PATENT**

44. Metso realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 43.

45.  Excel has made, sold, imported or offered for sale in the United States an upper head bushing for use in a conical crushing apparatus.

46.  Excel's upper head bushing was especially made, or especially adapted, for use in an apparatus for high performance conical crushing that is within one or more claims of the '681 Patent.

47.  Excel knew that combining its upper head bushing with the other components of a high performance conical crusher for which this bushing was specially designed would result in a combination of elements that infringes the '681 Patent.

48.  Excel's actions constitute contributory infringement under 35 U.S.C. § 271(c).

49.  Excel's contributory infringement has been intentional, willful, and with a reckless disregard for the rights of Metso.

50.  Excel has caused Metso substantial injury, including lost profits, for which Metso is entitled to damages adequate to compensate it for Excel's contributory infringement.

51.  Excel's contributory infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an awarding of attorneys' fees pursuant to 35 U.S.C. § 285.

## Claim V
### Trademark Infringement and Unfair Competition

52.  Metso realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 51.

53. Excel has used the Metso trade name and Metso's registered trademarks to give the relevant consuming public the false impression that Excel is an authorized repair facility and distributor of Metso products and parts.

54. Excel is not authorized, and has never been authorized, by Metso to use its trademarks or trade name, act as a regional repair facility for Metso products, or make, sell, or supply parts for the products bearing the Metso trademarks.

55. Excel's use of Metso's trademarks is likely to cause confusion or mistake or to deceive customers into the false belief that Metso has approved of, or sponsored parts made by Excel and services provided by Excel in violation of 15 U.S.C. § 1125, 15 U.S.C. § 1114, Wis. Stats. § 100.18, and the common law.

56. Excel's actions set forth above were and are continuing to be done intentionally, willfully, and with a reckless disregard for the rights of Metso.

57. Excel's actions set forth above have unjustly damaged Metso's trademarks, Metso's business reputation and the good will associated with Metso's trademarks.

58. Excel's actions set forth above have unjustly enriched Excel.

59. Excel's actions set forth above are causing irreparable injury to Metso for which there is no adequate remedy at law.

60. Excel's actions set forth above constitute willful trademark infringement entitling Metso to remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

## **REQUEST FOR RELIEF**

WHEREFORE, Metso Minerals Industries, Inc. respectfully requests judgment and relief against FLSmidth-Excel LLC as follows:

A. A judgment that Excel has infringed the '110 Patent and the '681 Patent;

B. Awarding Metso damages adequate to compensate for Excel's infringement of the '110 Patent and the '681 Patent and a preliminary and permanent injunction against Excel and all those acting in concert with Excel from further infringement;

C. Adjudging that Excel's infringement of the '110 Patent and the '681 Patent is willful, and increasing Excel's liability for damages up to three times the amount found or assessed;

D. Declaring that this is an exceptional case under 35 U.S.C. § 285, and for an award of increased damages, attorneys' fees, and costs;

E. Awarding pre-judgment interest on any damages award;

F. A judgment that Excel has infringed Metso's trademark and trade name rights;

G. Temporarily, preliminarily and permanently restraining and forbidding Excel and all of its partners, agents, representatives, employees, and all others acting in concert with Excel from using Metso's name and Metso's trademarks, or any colorable imitations thereof;

H. Awarding Metso's actual damages in an amount to be proven at trial, as authorized by 15 U.S.C. § 1117(a);

I. An award of damages against Excel for the damages sustained by Metso as a result of Excel's false and misleading representations in accordance with Wis. Stat. § 100.18, including reasonable attorney fees;

J. Ordering an accounting by Excel of any profits derived in any way from its wrongful acts;

K. Awarding Metso any amount by which Excel has been unjustly enriched as a result of its wrongful acts;

L. Trebling the amounts awarded to Metso in accordance with 15 U.S.C. § 1117(b); and

M. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

The Plaintiff, Metso, hereby demands a trial by jury in this action on all claims and issues triable before a jury.

Dated this 17th day of October, 2007.

_____
David R. Cross
Bar No. 1002866
Michael J. Gonring
Bar No. 1003926
Raymond D. Jamieson
Bar No. 1027076
Johanna M. Wilbert
Bar No. 1060853
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497
Telephone: (414) 277-5000
Fax: (414) 978-8659
E-mail: drc@quarles.com

**ATTORNEYS FOR THE PLAINTIFF**

QBMKE\6143002.1  11
Case 2:07-cv-00926-JPS   Filed 10/17/07   Page 11 of 11   Document 1