UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

METSO MINERALS INDUSTRIES, INC.,

        Plaintiff,

v.                                                   Case No. 07-CV-926

FLSMIDTH-EXCEL LLC,
EXCEL FOUNDRY & MACHINE, INC.,
JOSEPH P. MARTINEZ,
CHERYL A. SULLIVAN,
RICHARD A. PARSONS,
DOUGLAS M. PARSONS,
KENNETH L. OLSON, and
CHRISTOPHER P. WADE,

        Defendants.
_____

## ORDER

On October 17, 2007, plaintiff Metso Minerals Industries, Inc. ("Metso") filed suit against FLSmidth-Excel LLC ("Excel"). In the ensuing years, Metso filed several amended complaints, adding numerous new defendants. In Metso's fifth, and final, amended complaint, it alleged that all of the defendants (excluding Cheryl Sullivan) partook in misappropriation of certain trade secrets from Metso. Defendants[1] have moved for summary judgment as to Metso's trade secret misappropriation to the extent such claims allege that defendants used Metso's trade secrets in the research and design of the XL600 and XL900.[2] After consideration of the parties' arguments,

---

[1] In this Order, the court will use the term "defendants" to refer to all the defendants in this case, excluding Cheryl Sullivan.

[2] The XL 600 and the XL900 are conical rock crushers designed and produced by Excel.

the court determines that material factual questions remain as to Metso's claims, thus, entry of summary judgment is not appropriate.

## BACKGROUND

Metso is engaged in the manufacture and sale of high performance conical rock crushers, including Metso's models HP400 and HP800.[3] Excel also is engaged in the manufacture and sale of high performance conical rock crushers, including its models XL600 and XL900. Excel Foundry & Machine, Inc. ("Foundry") is a company that makes spare parts for many different types of crushers, including the crushers at issue in this case. Foundry was involved in founding Excel and assisted Excel in the research and design of some of Excel's crushers.

Metso contends that two of the individual defendants, Messrs. Martinez and Wade, misappropriated trade secrets relating to the HP400 and HP800. Martinez was previously employed by Metso, and Wade was previously employed by one of Metso's authorized repair facilities; both are currently employed by Excel. According to Metso, Foundry and Excel used Metso's trade secrets in the research and design of Excel's XL600 an XL900. Metso also maintains that Richard Parsons and Douglas Parsons, both high ranking officers in both Foundry and Excel, knew of (or had reason to know of), and actively encouraged the acquisition and use of Metso's trade secrets.

---

[3] The alphanumeric designations generally correspond to the size and horsepower rating of the particular crusher unit.

**ANALYSIS**

Defendants have moved for summary judgment on Metso's claims pertaining to the use of trade secrets in the research and design of the XL600 and XL900 (collectively referred to as "the Excel crushers"). Defendants argue that Metso is unable to raise a triable issue of fact supported by admissible evidence that defendants used Metso's trade secrets in the research and design of the Excel crushers.

Summary judgment is appropriate where the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 317. A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Any doubt as to the existence of a material fact is to be resolved against the moving party. *Anderson*, 477 U.S. at 255.

Defendants proffer three arguments in support of their motion for summary judgment. Defendants argue that neither of the Excel crushers are substantially
-3-

similar to Metso's HP800. Defendants also argue that Metso has not produced any direct evidence, nor any convincing circumstantial evidence, of trade secret use in the research and development of the Excel crushers. Defendants lastly contend that the report and notes of Metso's expert, Mr. Lawnicki, do not support Metso's claim of use of its trade secrets in the research and development of the Excel crushers.

The issue of the similarity between Metso's crushers and the Excel crushers is relevant because, if the jury concludes that Excel had access to Metso's secrets, and that the Excel crushers are "similar" to Metso's, then it will be "entirely reasonable for [the jury] to infer that [defendants] used [Metso's] trade secret[s]." *Sokol Crystal Products, Inc. v. DSC Communications Corp.*, 15 F.3d 1427, 1432 (7th Cir. 1994) (applying Wisconsin law); *see Droeger v. Welsh Sporting Goods Corp.*, 541 F.2d 790 (9th Cir.1976) (suggesting that where a trade secret is disclosed to the defendant, and it then manufactures a closely similar device, the burden shifts to the defendant to prove that it did not use the trade secret) (cited in *Sokol Crystal*, 15 F.3d at 1432). Defendants maintain that a jury could not reasonably conclude that the products are substantially similar. However, given the defendants' evidence highlighting differences, and Metso's evidence demonstrating similarity, the question of whether the products are sufficiently similar requires factual determinations not appropriately made at the summary judgment phase.[4]

---

[4] In order to reduce confusion and prevent the presentation of irrelevant evidence, the parties should resolve the meaning of "similarity" under Wisconsin law. Namely, the parties should focus on whether all evidence of similarity is relevant, or whether only evidence of similarity between the aspects covered by the trade secrets is relevant.

As for defendants' second argument, Metso does not dispute that it has not produced direct evidence of use of its trade secrets in the research and development of the Excel crushers. However, it is not unusual for a plaintiff alleging use of trade secrets to lack direct evidence thereof. *See generally Sokol Crystal*, 15 F.3d at 1429 ("While there was no direct evidence that anyone at DSC used Sokol's confidential information in the making of its own VCXO, the jury apparently inferred from the fact that DSC had access to Sokol's confidential information and from the similarity between the two devices that DSC misappropriated Sokol's trade secret and that the AFD VCXO was derived from that trade secret."). Thus, claims brought under variants of the Uniform Trade Secret Act may be proven through circumstantial evidence. *See Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1239 (8th Cir. 1994). Therefore, Metso's lack of direct evidence is not fatal to its claims, and does not warrant granting defendants summary judgment.

Defendants' brief appears to suggest a belief that the only relevant circumstantial evidence of trade secret use would be evidence showing identical matches between the specifications found in Metso's trade secrets and those exhibited in the Excel crushers. Such evidence would certainly be convincing; however, a lack of such evidence should not prevent Metso from presenting the evidence it does have to a jury. This is especially true given the fact that Metso does not have to prove that the Excel crushers precisely incorporate Metso's trade secrets. *See M. Bryce & Assoc., Inc. v. Gladstone*, 319 N.W.2d 907, 912 (Wis. App. 1981) ("To subject a person to liability for use of another's trade secret, there is no

-5-

requirement that he use it exactly in the form that he received it.") Rather, Metso merely has to show that the Excel crushers are "substantially derived from [Metso's] trade secret[s]." *Sokol Crystal*, 15 F.3d at 1431. It is certainly feasible that Metso can do this through evidence other than instances of precise matches in measurements and specifications.

Defendants' arguments as to the report and notes of Metso's expert, Lawnicki, are similarly unconvincing. To the extent that defendants disagree with Lawnicki's conclusions, they are free to test such conclusions on cross-examination. Indeed, if defendants truly believe that there is no basis for his conclusions regarding the XL600 and XL900, they are, of course, free to make such arguments in a motion in limine prior to trial – but only so long as they can do so in good faith, and not merely as a dilatory or harassing tactic. However, defendants' arguments that Lawnicki's conclusions are not compelling are not sufficient to grant summary judgment, and are best left to be presented to the jury.

## CONCLUSION

Defendants' motion certainly succeeds in their attempt to highlight the deficiencies in Metso's evidence regarding the use of Metso's trade secrets in the research and development of the Excel crushers. Defendants' motion should also serve as a clarion call to Metso that its evidence should pertain to use of its trade secrets; evidence that the Excel crushers were based on Metso's crushers or were designed to compete with Metso's crushers is only relevant if it can be shown to demonstrate "use." The court will not allow Metso to simply throw the proverbial

kitchen sink at the jury in the hopes enough will stick. Ultimately, Metso will have to present evidence supporting a reasonable inference that defendants used Metso's trade secrets to research and develop the Excel crushers. Because the court is unable to find with certainty that Metso will be unable to present evidence supporting such an inference, the court is obliged to deny defendants' motion for summary judgment.

Accordingly,

**IT IS ORDERED** that defendants' Motion for Partial Summary Judgment Dismissing Plaintiff's Claims for Misappropriation of Combination Trade Secrets Relating to XL600 and XL900 Conical Crushers (Docket #232) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge